FILED
7/1/21 8:59 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| In re: | : | Case No.: | 20-20646-GLT |
| | : | Chapter: | 13 |
| Kimberly A Cline | : | | |
| | : | | |
| | : | Date: | 6/30/2021 |
| *Debtor(s).* | : | Time: | 09:00 |

## PROCEEDING MEMO

**MATTER:**    # 33 Con't Objection to Claim of MTGLQ Investors, L.P.. At claim number 1.
                         # 36 - Response filed by MTGLQ Investors, L.P.
                         # 40 - Status Report

**APPEARANCES**:

           Debtor:      Francis E. Corbett (Debtor present)
           Trustee:     Owen Katz
           MTGLQ:       Maria Miksich

**NOTES:** (9:00)

Corbett:  This situation started in 2014 because of a period of unemployment, then there was a forbearance and at the end of the 6 months there was an agreement for modified payments.  She thought there were agreements in place.  Mr. Cline passed away, and at the end of 2016 the new servicer refused to accept payment and we're asking for the 2016 agreement to be enforced; she's been making her plan payments but we can't cure the arrears in 5 years. I would like to go to mediation where a third party can help us find a reasonable solution.

Court: Is there an understanding that the 2016 modification does exist?

Ms. Cline: This is from my loan modification in 2015 from CitiMortgage, it was then transferred.   But I never received final loan modification documentation because the offer letter included $10,000 in fees from their mistake.   They cashed my checks at the $941 amount for 1.5 years.

Court: Does each side have a breakdown of what the payments were from 2015 to 2016 before they were returned?

Ms. Cline: Yes, I have the records of the checks they cashed and I have records of the amount they returned being in the bank.

Court: Plan payments are current?

Katz: Yes.  There's an ACH in effect.

Miksich: There was a trial mod offered in March of 2015.   During the modification period, the loan was transferred and a final modification was offered in May 2016.  She didn't return a signed modification.   The payments made after the offer were in the trial payment amount not the offered amount of $957.72.  We've been in good faith trying to come to a solution, and the arrears need to be addressed.

Court: What is the value of the property?

Corbett: We estimate $220,000.

Court:  If the debtor were to prepare the documents for a loan modification application and provide a summary sheet of what payments have been made, why wouldn't a mediation be helpful?

Miksich: We have no objection to the mediation as long as the debtor is willing to submit a new application.

Corbett: We can do that under the understanding that the application would be only to further mediation.

Court:  Mediation may offer an opportunity to reach a global reconciliation; and a pragmatic solution to the arrears.  I will require the parties to file a proposed mediation order under a COC within 14 days.  Before mediation, the debtor will need to provide an itemization of any and all payments made to the mortgage holder from 2015 to the present; and she shall also complete a loan modification application.

**OUTCOME:**

1. Debtor's *Objection to Claim of MTGLQ Investors, L.P.. At claim number 1*   [Dkt. No. 33] is set for MEDIATION.  On or before July 14, 2021, the parties shall file a proposed mediation referral order under a certification of counsel providing for the following: (a) a timetable for the Debtor to produce a ledger of any and all payments made to the mortgage holder from 2015 to the present;  (b) a timetable for the Debtor to prepare a complete loan modification application; and (c) a timetable for the mediation .  [Text Order to Issue]